UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE ANTONIO PEGUERO                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:25-CV-64-TSL-RPM

WARDEN WINGFIELD                                                       RESPONDENT

### REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Jose Antonio Peguero's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges the execution of his sentence.  At the time the petition was filed, he was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi.  He was convicted in the United States District Court for the Middle District of Florida for conspiracy to distribute and posses with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  [9-2] at 2.  He was sentenced to 87 months imprisonment with a 5-year term of supervised release.  *Id.*  He is also subject to a final order of removal dated March 31, 2016.  [9-4].

Petitioner sets forth three grounds in his petition, all of which relate to the Bureau of Prison's ("BOP") denial of First Step Act ("FSA") time credits.  He asserts the following: (1) the BOP overstepped its authority by denying FSA time credits and mandatory transfer date to prerelease custody; (2) he has a liberty interest in FSA time credits; and (3) the BOP's actions constitute deliberate indifference and violate the Fifth Amendment.  [1] at 6–7.  He asks this Court to apply the time credits and to release him to home confinement or transfer him to an Immigration and Customs Enforcement ("ICE") facility.  *Id.* at 8.  In response to the petition, Respondent Warden Wingfield argues the petition should be denied because Petitioner failed to exhaust his

administrative remedies and Petitioner is not entitled to the application of any FSA time credits. [9] at 2.  Additionally, to the extent Petitioner is challenging his final order of removal, Respondent argues this Court lacks jurisdiction to entertain this issue.  *Id.*

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'"  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).  "[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."  *Id.*  But "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of actions."  *Id.* (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

At the outset, the Court briefly addresses the exhaustion requirement.  It appears that Petitioner has failed to exhaust his administrative remedies.  According to the Declaration submitted by Respondent, Petitioner filed only one administrative remedy at the institutional level regarding his request for FSA review.  [9-1] at 2.  After failing to file a response regarding this request and failing to move on to the next phase of the administrative remedy process, Petitioner did not file any additional remedies beyond this initial step.  *Id.*  Furthermore, there is no indication that Petitioner argues he should be excused from the exhaustion requirement.

Nevertheless, the instant petition can be easily resolved on the merits.  Under the FSA, the BOP is authorized "to grant time credits to eligible inmates."  *Alao v. Warden, FMC Fort Worth*, No. 4:25-CV-1023-P, 2026 WL 35837, at *1 (N.D. Tex. Jan. 6, 2026) (citing 18 U.S.C. § 3624(g)). "Calculation of time credits lies within the discretion of the BOP."  *Id.* (citing 18 U.S.C. § 3624(b)). However, "[c]ertain convictions disqualify inmates from earning FSA time credits."  *Id.* (citing 18

U.S.C. § 3632(d)(4)(D)).  For example, "an inmate who is the subject of a final order of removal under any provision of the immigration laws is ineligible to apply time credits."  *Id.* (citing 18 U.S.C. § 3632(d)(4)(E)(i); 28 C.F.R. § 523.44(a)(2)); *see Ortega v. Warden, FCI-Texarkana*, No. 5:23-CV-107-RWS-JBB, 2025 WL 3618826, at *3 (E.D. Tex. Sept. 9, 2025); *Zuluaga v. Warden, FCI-Texarkana*, No. 5:23-CV-128-RWS-JBB, 2025 WL 2632550, at *4 (E.D. Tex. July 11, 2025). Because Petitioner has a final order of removal against him, he is not eligible for FSA time credits. [9-4].  As for his other arguments, Petitioner "has no constitutionally protected liberty or property interest in [FSA] time credits or participation in programs possibly leading to a reduced sentence." *Ortega*, 2025 WL 3618826, at *3; *Zuluaga*, 2025 WL 2632550, at *4.  Therefore, his petition should be dismissed.

Alternatively, the undersigned *sua sponte* addresses the issue of mootness.  According to the BOP's online inmate locator, Petitioner was released from the BOP's custody on April 6, 2026.[1] "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id.* (citations omitted).  The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).  Petitioner sought the application of FSA time credits and his release from the BOP's custody; and his petition is now moot because he is no longer in the BOP's

---

[1] It appears Petitioner was transferred to ICE custody.

custody. Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and, in the alternative, may be dismissed as moot.

As a final matter, to the extent Petitioner challenges his final order of removal, this Court lacks jurisdiction to entertain this issue. *See Duarte v. Mayorkas*, 27 F.4th 1044, 1051 (5th Cir. 2022) (noting that, pursuant to 8 U.S.C. § 1252(a)(5), "the only means of obtaining judicial review of a final order of removal, deportation, or exclusion is by filing a petition with a federal court of appeals"); *Maxwell v. Dep't of Homeland Sec.*, No. 5:10-CV-161-DCB-MTP, 2010 WL 4536781, at *2 (S.D. Miss. Nov. 2, 2010) (finding a lack of jurisdiction to consider the petitioner's underlying claims challenging his deportation/removal from the United States).

### RECOMMENDATION

The undersigned recommends that Petitioner Jose Antonio Peguero's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DENIED and DISMISSED.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 13th day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE